# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1317V
Filed: September 27, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| MICHAEL MICKAS, | * | UNPUBLISHED |
| | * | |
| | * | |
| Petitioners, | * | Special Master Gowen |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 4, 2015, Michael Mickas ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on December 19, 2014, he suffered injuries, including neuritis, myositis, and polyneuropathy. Petition at ¶¶ 1,12,17. On August 29, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and a Decision awarding compensation pursuant to the terms of the stipulation was issued August 30, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On September 26, 2016, petitioner filed an unopposed motion for attorneys' fees and costs, requesting $16,702.80 in attorneys' fees and $2,180.55 in attorneys' costs. Petitioner's ("Pet.") Motion ("Mot.") at ¶¶2-3. In compliance with General Order #9, petitioner states that he incurred $7.05 in costs related to this matter. See Pet. Mot., Pet. Statement. Petitioner's application states that "[r]espondent does not object to the overall amount sought," but respondent's lack of objection "should not be construed as an admission, concession, or waiver as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours requested, and other litigation-related costs." Pet. Mot. at ¶ 5.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Based on the reasonableness of petitioners' request and the lack of objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)** **A lump sum of $18,883.35, payable jointly to petitioner and petitioner's counsel, Anne Carrión Toale, of Maglio Christopher & Toale, PA, for attorneys' fees and costs; and**

**(2)** **A lump sum of $7.05, payable to petitioner for petitioner's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.